ORIGINAL

# In the United States Court of Federal Claims

No. 16-1724C
(Filed: April 13, 2017)

**FILED**

APR 1 3 2017

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * * * *

VIVIAN E. RICKS,

        *Plaintiff*,

v.

THE UNITED STATES,

        *Defendant*.

* * * * * * * * * * * * * * * * * * * * * * *

## ORDER

This is plaintiff's second complaint filed within a year concerning her 1992 discharge from the United States Air Force. We dismissed her first complaint as outside of the six-year statute of limitations and otherwise outside of our jurisdiction on July 8, 2016. *Ricks v. United States*, No. 16-363C (Fed. Cl. July 8, 2016) (Order dismissing complaint). On December 15, 2016, Ms. Ricks filed a new complaint along with a motion to proceed *in forma pauperis*. This complaint, although difficult to parse, appears to be alleging some additional evidence regarding her 1992 discharge and cites the Air Force Board for Correction of Military Records' denial letters as giving this court jurisdiction over her claims. Defendant moved to dismiss the new complaint on February 13, 2017, as barred by the doctrine of collateral estoppel and, once again, barred by the statue of limitations (28 U.S.C. § 2501). Plaintiff has not responded to that motion.

We need not wait for a response to defendant's motion because the complaint must be dismissed for lack of jurisdiction. Putting aside the obvious bars to her suit from the doctrines of *res judicata* and issue preclusion, as we stated in our prior opinion, her claim is too late. A challenge to a military discharge gives rise to a claim at the time of discharge. A claimant must thus bring her challenge to the discharge in court within six years of the discharge. 28 U.S.C. § 2501 (2012). Plaintiff was discharged in 1992. It is well past six years later now. Accordingly, the following is ordered:

1.   For good cause shown, plaintiff's motion to proceed *in forma pauperis* is granted.

2.   Plaintiff's complaint is hereby dismissed *sua sponte* for lack of jurisdiction pursuant to RCFC 12(h)(3).

3.   The clerk of court is directed to enter judgment accordingly.

4.   Defendant's motion to dismiss is denied as moot.

5.   Plaintiff is hereby barred from filing a further suit in this court related to matters now twice dismissed as outside of our jurisdiction. The clerk's office is directed to refer any future pleadings filed by Ms. Ricks to chambers prior to filing for review by the undersigned for compliance with this order.

ERIC G. BRUGGINK
Senior Judge